UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMY GONZALEZ<br>*Plaintiff.*<br>v.<br>STELLAR RECOVERY, INC.<br>*Defendant.* | CIVIL ACTION NO.<br><br>4-15CV-473-A<br><br>TRIAL BY JURY DEMANDED |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 2 9 2015
CLERK, U.S. DISTRICT COURT
By_____
Deputy

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Amy Gonzalez, complains of Stellar Recovery, Inc. Defendant, and for cause of action would respectfully show as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff Amy Gonzalez against Defendant Stellar Recovery, Inc. for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii).

2. Defendant was informed on several occasions to not call Plaintiffs' cellular telephone and should be fully aware that Defendant had no prior express or implied consent to call the cellular telephone.

3. Plaintiff contends that the Defendant has acted voluntarily, intentionally and under its own free will and knew or should have known that Defendant was engaged in acts that constitute violations of several statues.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3).

5. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state, to wit debt collection.

6. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(b)(3).

7. Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant transacts business here, and the conduct complained of occurred here.

## PARTIES

8. The Plaintiff in this lawsuit is Amy Gonzalez, (Mrs. Gonzalez) a natural person and a citizen of Tarrant County, Texas.

9. Defendant in this lawsuit is Stellar Recovery, Inc. (herein after "Stellar Recovery") a collection company with principal office at 1327 Highway 2 W, Suite 100, Kalispell, MT 59901.

10. Stellar Recovery may be served with process by serving: Business Filings Incorporated, 208 North Broadway, STE 313, Billings, MT 59101-0000.

## FACTUAL ALLEGATIONS

11. The following telephone numbers are assigned to Stellar Recovery to use in there daily business operations:

    1. (877) 236-5791
    2. (313) 483-8518

12. On or about October 06, 2014, Stellar Recovery began calling Mrs. Gonzalez's wireless cellular phone from telephone numbers (877) 236-5791 and (313) 483-8518 which is a number known to be used by Stellar Recovery in their debt collection operations.

13. On October 06, 2014 at 04:30 p.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent.

14. On October 08, 2014 at 06:06 p.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent.

15. On October 09, 2014 at 03:07 p.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent.

16. On October 28, 2014 at 11:46 a.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent.

17. On October 31, 2014 at 11:26 a.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent.

18. On November 04, 2014 at 6:42 p.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent.

19. On November 06, 2014 at 2:05 p.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent.

20. On November 13, 2014 at 10:16 a.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent.

21. On November 15, 2014 at 11:39 a.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent.

22. On November 17, 2014 at 11:20 a.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent.

23. On November 20, 2014 at 09:58 a.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent.

24. On November 21, 2014 at 09:46 a.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent. The call was answered and Defendant was informed to stop calling the cellular phone.

25. On November 22, 2014 at 07:45 a.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent. The call was answered and Defendant was informed a second time to stop calling the cellular phone.

26. On November 24, 2014 at 09:37 a.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent.

27. On December 02, 2014 at 02:39 p.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent. The call was answered and Defendant was informed a third time to stop calling the cellular phone.

28. On December 09, 2014 at 01:38 p.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent.

29. On December 15, 2014 at 01:56 p.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent.

30. On December 23, 2014 at 01:15 p.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent.

31. On January 05, 2015 at 11:16 a.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent. On January 13, 2015 at 01:10 p.m. the Defendant called from 877-236-5791 to Plaintiff's cellular telephone without written consent or implied consent.

32. On January 26, 2015 at 01:26 p.m. the Defendant called from 877-236-5791 to Mrs. Gonzalez's cellular telephone without written consent or implied consent.

33. November 22, 2014 at 09:37 p.m. thru January 05, 2015, the Defendant has willfully and knowingly called Ms. Gonzalez no less than seven (7) times without consent after being told to stop calling the cellular telephone.

34. The acts alleged herein all took place in Tarrant County, Texas in that the communications were received there.

35. Stellar Recovery used an automatic telephone dialing system to dial Ms. Gonzalez's cellular telephone from phone numbers (877) 236-5791 and (313) 483-8518 as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1).

36. Stellar Recovery called Ms. Gonzalez's cellular telephone for a non-emergency purpose.

37. Ms. Gonzalez has no prior or present established relationship with Stellar Recovery.

38. Ms. Gonzalez has no contractual obligation to pay Stellar Recovery any alleged consumer debt.

39. Ms. Gonzalez has never given Stellar Recovery permission to call her cellular telephone at any time.

40. Ms. Gonzalez attempted twice to mitigate damages in this matter with Stellar Recovery before commencing legal action and Stellar Recovery failed to respond.

## COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227(b)(1)(A) BY DEFENDANT STELLAR RECOVERY, INC.

41. Paragraphs 1 through 40 are re-alleged as though fully set forth herein.

42. Ms. Gonzalez and Stellar Recovery do not have an established business relationship within the meaning of 47 U.S.C. §227(a)(2).

43. Stellar Recovery called Ms. Gonzalez's cellular telephone using an "automatic telephone dialing system" within the meaning of 47 U.S.C. §227(a)(1).

44. 47 U.S.C. §227(b)(1)(A) which states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> (1) PROHIBITIONS.—It shall be *unlawful for any person* within the United States, or any person outside the United States if the recipient is within the United States—
>
> > *(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—*

45. In each telephone communication referenced in ¶12 thru ¶32, Stellar Recovery has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by using an automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call Ms. Gonzalez's cellular telephone number, which is assigned to a cellular telephone service *with no prior express consent* and for *no emergency purpose*.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227(b)(1)(A)(iii)
### BY DEFENDANT STELLAR RECOVERY, INC.

46. Plaintiff alleges and incorporates the information in paragraphs 1 through 45.

47. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

48. In each telephone communication referenced in ¶12 thru ¶32, Stellar Recovery has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call Ms. Gonzalez's cellular telephone number, which is *assigned to a cellular telephone service*.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

   e) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

   f) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

   g) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

   h) Awarding such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands trial by jury.

                         Dated: June 26, 2015

                         Respectfully Submitted,

                         Amy Gonzalez
                         416 Chatamridge Ct.
                         Fort Worth, TX 76052
                         (817) 909-8998
                         gonamyleigh@yahoo.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Amy Gonzalez

**(b)** County of Residence of First Listed Plaintiff: Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
Stellar Recovery, Inc.

County of Residence of First Listed Defendant: Yellowstone
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

4-15CV-473-A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii).
Brief description of cause:
Violations of the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 06/26/2015
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____